**In re BROWNWOOD DISTILLING CO., INC., Debtor.**

**UNITED STATES LEASING CORPORATION, Plaintiff,**

**v.**

**BROWNWOOD DISTILLING, CO., INC., and Aaron Wood III, Defendants.**

**Bankruptcy No. BK–81–01411.**
**Adv. No. 81–0227.**

United States Bankruptcy Court, W.D. Oklahoma.

Aug. 8, 1983.

Stephen D. Colbert, Ardmore, Okl., for plaintiff.

W. Rogers Abbott II, Oklahoma City, Okl., for defendants.

**MEMORANDUM OPINION AND ORDER**

ROBERT L. BERRY, Bankruptcy Judge.

This matter comes on before us on Motion for Summary Judgment, pursuant to Rule

56, Federal Rules of Civil Procedure. The essential facts are as follows:

1. Defendants Aaron Wood III ("Wood") and Brownwood Distilling Co. Inc., made application to lease various equipment from Lanier Business Products Co., Inc. The application provided for the lease of certain equipment at a monthly lease price of $364.98 for a period of sixty months. The application was executed by Wood in his capacity both as a corporate officer of Brownwood Distilling and in an individual capacity.

2. On February 13, 1980, notice was sent to Brownwood Distilling, attention: Mr. Wood, that the application to lease required amendment to reflect an increase in monthly payments from $364.98 per month to $369.65 per month, for the same sixty month term. The notice required that the defendants acknowledge this change. Wood executed the notice as "Aaron Wood III, President".

3. Subsequently the application to lease was assigned by Lanier Business Products to Lanier Leasing, a division of United States Leasing Corporation ("Plaintiff").

4. On March 12, 1980, a Notice of Acceptance of Brownwood Distilling, as lessee, was mailed to the defendants.

5. Sometime in June of 1980, the defendants defaulted in the lease payments. The property was repossessed by Plaintiff and sold for $5,570.00. There still remains due and owing on the lease the sum of $14,030.28.

6. Debtor, Brownwood Distilling Co., filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 7, 1981.

7. Plaintiff thereafter commenced this adversary proceeding in which it seeks to hold liable the defendants, jointly and severally, for the sum of $14,030.28.

The issue, which the parties have agreed to by way of stipulation, is whether the signature of Aaron Wood III, executed on the notice of February 13, 1980, binds him personally to Plaintiff's lease agreement.

Plaintiff urges the Court that we must look at all the documents which constitute a contract in order to determine the rights and obligations of the parties involved. Plaintiff posits that, in the instant case, a contract cannot exist without the first agreement entered into between Lanier Business Products and Defendants (executed by Wood in his corporate and individual capacity) and the Notice of February 13 (executed by Wood solely in his corporate capacity). Therefore, as the two documents must be construed together in order to find that a contract existed, Wood, under Plaintiff's theory, is liable both as a corporate officer and as an individual.

We agree with Plaintiff that the two documents must be construed together in order to find the existence of a valid contract. We cannot, however, find ourselves agreeing that Wood should be liable in his individual capacity.

Plaintiff refers to the lease application executed on February 4, 1980, as a valid and binding contract. The language of a contract is to govern its interpretation, if the language is clear and explicit. 15 O.S. 1981 § 154. Mindful of this, the lease application provides as follows:

Lanier's Acceptance: This lease is subject to approval by Lanier's home office and shall become effective only upon written communication of acceptance from Lanier to customer.

This clause clearly demonstrates that no valid contract existed *until* the lease applicant received written communication from Lanier.

This application to lease is a printed form. It is a common reality that printed contracts will be construed most strongly against the party who prepared them. *Amoco Production Co. v. Lindley,* 609 P.2d 733 (Okl.1980); *Continental Federal Savings and Loan Ass'n. v. Fetter,* 564 P.2d 1013 (Okl.1977). We can only conclude that a valid contract was not in existence until March 12, 1980, the date notice of acceptance was sent by Lanier.

Prior to the notice of acceptance, Lanier sent the letter of February 13. This letter stated (1) the *application to lease* was being

processed and, (2) if approved, the lease would be subject to an increase of monthly lease payments. The letter provided space in which to acknowledge the change, as follows:

NAME (Print or type name of
company or individual)

_____

AUTHORIZED SIGNATURE

_____

TITLE

Where the line provided for "Name", Lanier had typed in "Brownwood Distilling Co., Inc.". Wood acknowledged this letter by signing it "Aaron Wood III, President". Thereafter, Lanier sent the defendants the Notice of Acceptance.

Since there was no valid lease extant prior to notice of acceptance, we are of the opinion that the letter of February 13 should be viewed as a new offer to lease. Wood's execution of the letter solely in his corporate capacity was, in effect, a counter offer. Thereafter, by sending the Notice of Acceptance, Lanier accepted Wood's counter offer.

Plaintiff contends that the monthly lease increase was merely a slight variation in terms. While it is true that, in terms of dollars, the increase was minimal, the overall change should not be viewed as such. The monthly lease payment is, in fact, the bare bones of the contract, the only terms which could be considered truly negotiable. The balance of the contract is a printed form, supplied by the lessor. Had Lanier required Wood to sign as an individual, it could have provided so in the letter of February 13. In the alternative, it could have required him to sign again in his individual capacity before the Notice of Acceptance. Lanier did neither.

The case of _Brown v. Financial Service Corporation, International_, 489 F.2d 144 (5th Cir.1974) is supportive of our holding. _Brown_ dealt with a corporation which provided its executive officers a stock purchase plan. An executive sent a letter to the officer in charge of the plan notifying the officer that the executive wished to avail himself of the plan. The letter contained provisions which substantially altered provisions of the plan. Thereafter, the corporation issued the stock to the executive. Subsequently, the executive sued the corporation, relying on the provisions which were contained in the letter sent to the officer in charge of the plan. In viewing the matter, the Court in _Brown_ held that the letter sent by the executive was a counter offer which, upon issuance of the stock, was accepted by the corporation. Therefore, the _Brown_ Court held, the letter was a valid part of the contract to purchase stock, and its provisions controlled.

Accordingly, the letter of February 13, executed by Wood in his corporate capacity was a counter offer. The subsequent sending of the Notice of Acceptance signified Lanier's acquiescence in the liability of Wood solely as to his corporate capacity.

Judgment will be entered separately.

Pursuant to B.R. 752 this Memorandum Opinion constitutes the findings of fact and conclusions of law.